IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, et al.,           )
                              )
            Plaintiffs,       )
                              )
      vs.                     )   Case No.: 1:07-CV-01153(JR)
                              )
BOGNER CONSTRUCTION COMPANY,  )
 et al.,                      )
305 W. Mulberry               )
Wooster, Ohio 44691           )
                              )
            Defendants.       )
                              )

**ANSWER OF DEFENDANT BOGNER CONSTRUCTION COMPANY**

Defendant Bogner Construction Company ("Bogner"), by and through counsel, hereby submits its Answer to Plaintiffs' Complaint as follows:

1. Bogner is without information sufficient to form a belief as to the truth of the matters alleged in paragraph 1 of Plaintiffs' Complaint and therefore denies same.

2. Bogner is without information sufficient to form a belief as to the truth of the matters alleged in paragraph 2 of Plaintiffs' Complaint and therefore denies same.

3. Bogner is without information sufficient to form a belief as to the truth of the matters alleged in paragraph 3 of Plaintiffs' Complaint and therefore denies same.

4. Bogner is without information sufficient to form a belief as to the truth of the matters alleged in paragraph 4 of Plaintiffs' Complaint and therefore denies same.

5. Bogner is without information sufficient to form a belief as to the truth of the matters alleged in paragraph 5 of Plaintiffs' Complaint and therefore denies same.

CRITCHFIELD,
CRITCHFIELD
& JOHNSTON
ATTORNEYS AT LAW
225 NORTH MARKET STREET
P.O. BOX 599
WOOSTER, OH 44691-0599
(330) 264-4444

6. Bogner admits the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Bogner admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Bogner admits that it is a building and construction industry employer, and that in the past it has employed union members. Bogner denies the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Answering paragraph 9 of Plaintiffs' Complaint, Bogner admits that it entered into Collective Bargaining Agreements with the Bricklayers' Unions. As for the documents attached to Plaintiffs' Complaint and labeled as Exhibits A, B, and C, Bogner states that those documents speak for themselves.

10. Answering paragraph 10 of Plaintiffs' Complaint, Bogner admits that it agreed to make certain payments to the International Pension Fund pursuant to the terms and conditions of any agreement Bogner signed. Bogner is without information sufficient to form a belief as to the truth of the remaining matters alleged in paragraph 10 of Plaintiffs' Complaint and therefore denies same.

11. Answering paragraph 11 of Plaintiffs' Complaint, Bogner admits that it has employed union employees in the past and that it has made contributions to the International Pension Fund. Bogner is without information sufficient to form a belief as to the truth of the remaining matters alleged in paragraph 11 of Plaintiffs' Complaint and therefore denies same.

12. Bogner denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Bogner denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Bogner denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Bogner denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Bogner denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

CRITCHFIELD,
CRITCHFIELD
& JOHNSTON
ATTORNEYS AT LAW
225 NORTH MARKET STREET
P.O. BOX 599
WOOSTER, OH 44691-0599
(330) 264-4444

17. Bogner denies each and every allegation, both singular and plural, contained in Plaintiffs' Complaint not specifically admitted herein.

18. As an affirmative defense, Bogner states Plaintiffs' Complaint fails to state claims against Bogner for which relief may be granted.

19. As an affirmative defense, Bogner states that some or all of Plaintiffs' claims and/or damages are barred by the applicable statute of limitations.

20. As an affirmative defense, Bogner states that venue for this action is more appropriate in the Northern District of Ohio, Eastern Division.

21. As an affirmative defense, Bogner states that some or all of Plaintiffs' claims are barred by contract.

22. As an affirmative defense, Bogner states that Plaintiffs' claims are barred for failure to exhaust administrative and/or contractual remedies.

23. As an affirmative defense, Bogner states that some or all of Plaintiff's claims are barred by Plaintiffs' failure to pursue arbitration as required by contract.

24. As an affirmative defense, Bogner states that some or all of Plaintiffs' claims are barred by the doctrines of estoppel, waiver and/or laches.

25. As an affirmative defense, Bogner states that some or all of Plaintiffs' alleged damages are due to the acts and/or omissions of an entity or entities for which Bogner is not responsible.

26. As an affirmative defense, Bogner states that some or all of Plaintiffs' alleged damages are due to the Plaintiffs' own contributory and/or comparative negligence.

CRITCHFIELD,
CRITCHFIELD
& JOHNSTON
ATTORNEYS AT LAW
225 NORTH MARKET STREET
P.O. BOX 599
WOOSTER, OH 44691-0599
(330) 264-4444

27.  As an affirmative defense, Bogner pleads all known defenses applicable to any claim raised under the Sections 502(a)(3), 502(g)(2), and 515 of ERISA, and 29 U.S.C. §§1132(a)(3), 1132(g)(2), and 1145.

28.  At this time, Bogner does not know which, if any, additional affirmative defenses may be applicable to this matter, but places Plaintiffs on notice that it may raise in the future any of the affirmative defenses listed in Rule 8(c), Federal Rules of Civil Procedure, in the event that as discovery progresses, such additional affirmative defenses become known and valid.

WHEREFORE, Defendant Bogner Construction Company demands that Plaintiffs' Complaint be dismissed with prejudice at Plaintiffs' costs, and that Bogner be awarded its attorney fees and costs, together with such further relief to which this Court may deem just and equitable.

Dated: August 28, 2007.

Respectfully submitted,

CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.

By: /s/ John H. Schaeffer
John H. Schaeffer (Ohio S.Ct. #0041874)
Attorneys for Defendant Bogner Construction Co.
225 North Market Street, P.O. Box 599
Wooster, OH 44691
Phone: 330-264-4444; Fax: 330-263-9278
Email: schaeffer@ccj.com

By: /s/ John E. Drury
John E. Drury (D.C. Bar #924407)
Attorney for Defendant Bogner Construction Co.
1900 L Street, NW
Suite 303
Washington, D.C. 20036
Phone: 202-463-6131
Email: jedrury@gmail.com

CRITCHFIELD,
CRITCHFIELD
& JOHNSTON
ATTORNEYS AT LAW
225 NORTH MARKET STREET
P.O. BOX 599
WOOSTER, OH 44691-0599
(330) 264-4444

## CERTIFICATE OF SERVICE

The foregoing Answer of Defendant Bogner Construction Company was filed both through the Court's electronic filing system and by regular U.S. mail, postage prepaid, this 28th day of August, 2007, upon:

Ira R. Mitzner, Esq.  
Charles V. Mehler, III, Esq.  
Dickstein Shapiro LLP  
1825 Eye Street, NW  
Washington, D.C. 20006  
*Attorneys for Plaintiff*

Thomas S. Gigot, Esq.  
Groom Law Group  
1701 Pennsylvania Avenue, NW  
Suite 1200  
Washington, D.C. 2006  
*Attorneys for BCMC, Inc.*

  /s/ John H. Schaeffer  
One of the Attorneys for Defendant  
Bogner Construction Co.

CRITCHFIELD,  
CRITCHFIELD  
& JOHNSTON  
ATTORNEYS AT LAW  
225 NORTH MARKET STREET  
P.O. BOX 599  
WOOSTER, OH 44691-0599  
(330) 264-4444