IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al.,<br>620 F Street, N.W.<br>Washington, D.C. 20004, as to<br>both the Bricklayers & Trowel<br>Trades International Pension Fund and<br>the International Masonry Institute,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>BOGNER CONSTRUCTION COMPANY<br>305 West Mulberry Street<br>Wooster, Ohio 44691<br><br>and<br><br>BCMC, INC.<br>343 South Grant Street<br>Wooster, Ohio 44691-0422,<br><br>　　　　　Defendants. | Case No.: 1:07-CV-01153(JR) |

## **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BCMC, INC.**

In answer to the separately-numbered paragraphs of Plaintiffs' Complaint (the "Complaint"), Defendant BCMC, Inc. ("BCMC") states as follows:

　　　1.　　The allegations in the last sentence of paragraph 1 of the Complaint consist of Plaintiffs' characterization of their basis for invoking the subject matter jurisdiction of this Court, to which no response is required. BCMC denies all remaining allegations in paragraph 1 of the Complaint.

　　　2.　　The allegations in the second sentence of paragraph 2 of the Complaint consist of Plaintiffs' characterization of the purported basis of venue for this action, to which no response is

required. BCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and, therefore, denies those allegations.

      3.      BCMC admits that certain of the Plaintiffs purport to bring this action on behalf of the Bricklayers & Trowel Trades International Pension Fund ("IPF") and the beneficiaries of the IPF. BCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and, therefore, denies those allegations.

      4.      BCMC admits that certain of the Plaintiffs purport to bring this action on behalf of the International Masonry Institute ("IMI") and the beneficiaries of the IMI. BCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint and, therefore, denies those allegations.

      5.      BCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies those allegations.

      6.      BCMC admits the allegations in paragraph 6 of the Complaint.

      7.      BCMC admits the allegations in paragraph 7 of the Complaint.

      8.      BCMC admits that Bogner Construction Company is a building and construction industry employer that has, in the past, employed union members. BCMC denies the remaining allegations in paragraph 8 of the Complaint.

      9.      BCMC admits, upon information and belief, that Bogner Construction Company entered into collective bargaining agreements with certain unions. The remaining allegations of paragraph 9 consist of Plaintiffs' characterization of certain exhibits attached to the Complaint, to which no response is required.

10. BCMC admits, upon information and belief, that Bogner Construction Company agreed to make payments pursuant to collective bargaining agreements. BCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and, therefore, denies those allegations.

11. BCMC admits that it is not presently, and never has been, a signatory to any collective bargaining agreements. BCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and, therefore, denies those allegations.

12. BCMC denies the allegations in paragraph 12 of the Complaint.

13. BCMC denies the allegations in paragraph 13 of the Complaint.

14. BCMC specifically denies that it owes any contributions to the IPF, the IMI, or any other entity or individual. BCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and, therefore, denies those allegations.

15. BCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, therefore, denies those allegations.

16. The first sentence of paragraph 16 consists of Plaintiffs' characterization of their reasons for bringing this action, to which no response is required. BCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and, therefore, denies those allegations. Further responding to the allegations of the Complaint, BCMC denies each and every allegation which it has not affirmatively admitted or otherwise answered. In addition, BCMC denies that Plaintiffs, the IPF, the IMI, any Local Bricklayer funds, or any other entity or individual are entitled to the relief requested by the

Complaint or to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against BCMC for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or request for relief are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under principles of laches, waiver, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as a result of their failure to exhaust administrative and/or contractual procedures.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as a result of their failure to pursue arbitration, as required by contract.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any losses as a result of BCMC's acts or omissions. Plaintiffs' claims are therefore barred under the principle of unjust enrichment.

WHEREFORE, BCMC requests relief as follows:

1. That the Court dismiss the Complaint and enter judgment against Plaintiffs and for BCMC as to all claims set forth in the Complaint;

2. That all reasonable attorney's fees and costs incurred by BCMC be awarded; and

3. For such other legal and equitable relief as may be just and proper.

Dated: August 28, 2007

          By: /s/ Edward A Scallet
          Edward A. Scallet  DC Bar #368617
          Thomas S. Gigot  DC Bar #384668
          GROOM LAW GROUP, CHARTERED
          1701 Pennsylvania Avenue, N.W.
          Washington, DC 20006
          Telephone:     (202) 857-0620
          Facsimile:     (202) 659-4503

*Attorneys for Defendant BCMC, Inc.*

## **CERTIFICATE OF SERVICE**

The foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BCMC, INC. was served both through the Court's electronic filing system and by regular U.S. mail, postage prepaid, this 28th day of August, 2007, upon:

| | |
|---|---|
| Ira R. Mitzner, Esq.<br>Charles V. Mehler, III, Esq.<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street, N.W.<br>Washington, D.C. 20006<br>mitzneri@dsmo.com<br>mehlerc@dsmo.com<br>*Attorneys for Plaintiff* | John H. Schaeffer, Esq.<br>CRITCHFIELD, CRITCHFIELD &<br>JOHNSTON, LTD.<br>225 North Market Street<br>P.O. Box 599<br>Wooster, OH 44691<br>schaeffer@ccj.com<br><br>John E. Drury, Esq.<br>1900 L Street, N.W.<br>Suite 303<br>Washington, D.C. 20036<br>jedrury@aol.com<br>*Attorneys for Defendant Bogner Construction Company* |

      /s/ Edward A. Scallet
*Attorney for Defendant BCMC, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   Case No.: 1:07-CV-01153(JR) |
| | ) |
| BOGNER CONSTRUCTION COMPANY | ) |
| | ) |
| and | ) |
| | ) |
| BCMC, INC., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

    I, the undersigned, counsel of record for Defendant BCMC, Inc., certify that, to the best of my knowledge and belief, Defendant BCMC, Inc. does not have any parent companies, subsidiaries, or affiliates which have any outstanding securities in the hands of the public.

    These representations are made in order that judges of this Court may determine the need for recusal.

Dated: August 28, 2007

                                            By: /s/ Edward A. Scallet
                                            Edward A. Scallet  DC Bar #368617
                                            Thomas S. Gigot  DC Bar # 384668
                                            GROOM LAW GROUP, CHARTERED
                                            1701 Pennsylvania Avenue, N.W.
                                            Washington, DC 20006
                                            Telephone:    (202) 857-0620
                                            Facsimile:    (202) 659-4503

                                            *Attorneys for Defendant BCMC, Inc.*

**CERTIFICATE OF SERVICE**

      The foregoing CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA of Defendant BCMC, Inc. was served both through the Court's electronic filing system and by regular U.S. mail, postage prepaid, this 28th day of August, 2007, upon:

| | |
|---|---|
| Ira R. Mitzner, Esq.<br>Charles V. Mehler, III, Esq.<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street, N.W.<br>Washington, D.C. 20006<br>mitzneri@dsmo.com<br>mehlerc@dsmo.com<br>*Attorneys for Plaintiff* | John H. Schaeffer, Esq.<br>CRITCHFIELD, CRITCHFIELD &<br>JOHNSTON, LTD.<br>225 North Market Street<br>P.O. Box 599<br>Wooster, OH 44691<br>schaeffer@ccj.com<br><br>John E. Drury, Esq.<br>1900 L Street, N.W.<br>Suite 303<br>Washington, D.C. 20036<br>jedrury@aol.com<br>*Attorneys for Defendant Bogner Construction Company* |

                                        /s/ Edward A. Scallet
                                    *Attorney for Defendant BCMC, Inc.*